AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Northern _____ District of _____ New York

UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**
V.

RAZAER D. COLEMAN

Case Number:      DNYN106CR000075-005

USM Number:      03453-052

Donald T. Kinsella, Defense Counsel
90 State Street, Suite 1011
Albany, New York 12207
(518) 694-4600
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)    1 of the Indictment June 20, 2007.

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851 | Conspiracy to Possess and Distribute Cocaine | 3/30/06 | 1 |
| 21 U.S.C. § 853 | Forfeiture Allegations | | |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed in accordance with 18 U.S.C. § 3553 and the Sentencing Guidelines.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 23, 2008
Date of Imposition of Judgment

Gary L. Sharpe
U.S. District Judge

EMC

Date    August 4, 2008

AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page   2   of   6

DEFENDANT:       RAZAER D. COLEMAN
CASE NUMBER:   DNYN106CR000075-005

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

135 Months

X    The court makes the following recommendations to the Bureau of Prisons:

The defendant be designated in a Bureau of Prisons facility as close as possible to Troy, New York and be allowed to participate in the Comprehensive Residential Drug Treatment Program.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐    at _____ ☐ a.m.   ☐ p.m.   on _____ .

☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on _____ .

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page | 3 | of | 6 |

DEFENDANT: RAZAER D. COLEMAN
CASE NUMBER: DNYN106CR000075-005

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

## 10 Years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

x   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

x   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Deselect, if inapplicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14) the defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

| | Judgment—Page | 4 | of | 6 |
|---|---|---|---|---|

DEFENDANT:       RAZAER D. COLEMAN
CASE NUMBER:     DNYN106CR000075-005

## SPECIAL CONDITIONS OF SUPERVISION

1.   The defendant shall participate in a program for substance abuse which shall include testing for drug and/or alcohol use and may include inpatient and/or outpatient treatment.  The program shall be approved by the United States Probation Office.

2.   The defendant shall participate in a mental health program which shall include medical, psychological, or psychiatric evaluation and may include outpatient and/or inpatient treatment.  The program shall be approved by the United States Probation Office.

3.   For any of the above treatment programming, the defendant shall contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount to be determined by the probation officer based on the defendant's ability to pay and the availability of third party payments.

4.   The defendant shall refrain from the use of alcohol while in treatment and for the remainder of the term of supervision following completion of treatment.

5.   The defendant shall provide the probation officer with access to any requested financial information.

6.   The defendant shall submit his or her person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by the defendant.  Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination.


## DEFENDANT'S ACKNOWLEDGMENT OF APPLICABLE CONDITIONS OF SUPERVISION

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

The conditions of supervision have been read to me.  I fully understand the conditions and have been provided a copy of them.


_____
Defendant                                                        Date


_____
U.S. Probation Officer/Designated Witness                        Date

AO 245B     NNY(Rev. 10/05) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

|  | Judgment — Page | 5 | of | 6 |
|---|---|---|---|---|

DEFENDANT:       RAZAER D. COLEMAN
CASE NUMBER:     DNYN106CR000075-005

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  100.00 | $ 0 | $ 0 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ _____ | $ _____ | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the    ☐ fine  ☐ restitution.

☐  the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    NNY(Rev. 10/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

|  |  |
|---|---|
| DEFENDANT: | RAZAER D. COLEMAN |
| CASE NUMBER: | DNYN106CR000075-005 |

Judgment — Page __6__ of __6__

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**    X    In full immediately; or

**B**    ☐    Lump sum payment of $ _____ due immediately, balance due

      ☐   not later than _____ , or
      ☐   in accordance with   ☐  D,   ☐  E,   ☐  F, or   ☐  G below; or

**C**    ☐    Payment to begin immediately (may be combined with   ☐  D,   ☐  E, or   ☐  G below); or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**E**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

**F**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**G**    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to **Lawrence K. Baerman, Clerk, U.S. District Court, Federal Bldg., P.O. Box 7367, 100 S. Clinton Street, Syracuse, N.Y. 13261-7367,** unless otherwise directed by the court, the probation officer, or the United States attorney. If a victim cannot be located, the restitution paid to the Clerk of the Court for that victim shall be sent to the Treasury, to be retrieved if and when the victim is located.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

      ☐   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and
      corresponding payee, if appropriate.

      ☐   The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part
      of the restitution ordered herein and may order such payment in the future.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:

Pursuant to 21 U.S.C. § 853 and as fully outlined in the Preliminary Order of Forfeiture, the defendant shall forfeit to the United States all right, title, and interest in: Approximately $2,500,000 in United States currency and the following vehicles: a 1996 Black Infinity I30, VIN# JNKCA21D5TT006496, Titled and Registered to Sonya M. Penn; a 2005 Grey Nissan 350Z, VIN# JN1A34D05M609665, Titled and Registered to Aliya Marrow; a 2001 Black Mercedes Benz, CLK430, VIN# WDBLJ70G81F178915, Titled and Registered to Felicia D. Prince; and a 1998 Grey Dodge Intrepid, VIN# 2b3hd56j9wh118686, Titled and Registered to James L. Prince.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.